IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    RESPONDENT

v.                                    No. 1:11-cr-40009-002
                                      No. 1:13-cv-4003
REBECCA MILLER                                                                  MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 125) filed herein by **REBECCA MILLER**, (hereinafter referred to as "Miller") an inmate confined at the Bryan Federal Prison Camp, Bryan, Texas. The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 130. The Court has considered the entire record and the matter is ready for decision.

**I. Procedural Background**:

Miller was arrested on February 25, 2011, on a warrant issued as a result of an Indictment charging her with four counts of violation of Federal drug trafficking laws. The Indictment was returned by the Grand Jury for the Western District of Arkansas on February 24, 2011. ECF No. 4. Count One charged three co-defendants, Miller, her husband Daniel Miller, and Charles Cook with conspiracy to distribute 500 grams or more of methamphetamine as early as 2004 and continuing through 2010. ECF No. 4, Pg. 1-2. Count Two charged Miller and co-defendant Daniel Miller with aiding and abetting in the distribution of more than five (5) grams of actual methamphetamine on October 8, 2010. ECF No. 4, Pg. 2. Count Four charged Miller and co-defendant Daniel Miller with

-1-

aiding and abetting in the distribution of more than five (5) grams of actual methamphetamine on October 21, 2010.  *Id*.  Count Five charged Miller and co-defendant Daniel Miller with aiding and abetting in the distribution of more than five (5) grams of actual methamphetamine on December 2, 2010.  ECF No. 4. Pgs. 2-3.

On February 25, 2011, Miller appeared for her initial appearance and arraignment.  ECF No. 13.  The Court appointed Jeff Harrelson of the Court's Criminal Justice Act panel as counsel.  ECF No. 13 and 14.  Miller entered a not guilty plea to all counts.  ECF No. 13.  Miller was released on bond and conditions pending trial.  ECF No. 13 and 16.  Trial was scheduled for April 28, 2011.  ECF No. 17.  The trial date was later continued to May 23, 2011.  ECF No. 32.

A jury trial was held, before Untied States District Judge Harry F. Barnes on May 23-25, 2011, for Daniel Miller and Rebecca Miller.[1]  ECF No. 40-42.  Following the trial, the jury returned a verdict of guilty against Miller in Counts Two, Four, and Five of the Indictment.[2]  ECF No. 44.  As to Count One, the jury found Miller guilty of a lesser included offense of conspiracy to distribute more than 50 (rather than more than 500) grams of methamphetamine.  ECF No. 44.  The jury also found in favor of the Government on the Forfeiture Count of the Indictment.  ECF No. 45.  Judge Barnes directed a Pre-sentence Report ("PSR") be prepared by the United States Probation Office.

The United States Probation Office prepared a PSR.  ECF No. 54 (filed under seal).  Miller, through counsel, filed a Sentencing Memorandum on November 23, 2011.  ECF No. 52.  The Sentencing Memorandum contained various objections to the PSR.  *Id.*  On December 1, 2011,

---

[1] Charles Cook waived indictment and pled guilty to an information on May 23, 2011, charging him with Misprision of a Felony.  *See U.S. v. Cook*, No. 4:11-cr-40015.  He was later sentenced to twenty-one (21) months imprisonment and the charges against him in the indictment were dismissed.

[2] Mr. Miller was found guilty by the jury of all five counts in the Indictment and sentenced to 360 months imprisonment.

Miller appeared before Judge Barnes for sentencing. ECF No. 53. After considering both the Government's and Miller's objections to the PSR, Judge Barnes found a total offense level of 36 for each of the four counts of conviction. Further, Miller's criminal history category was determined to be I. These findings resulted in a United States Sentencing Guideline (USSG) recommended sentence of 188-235.

Thereafter, Judge Barnes sentenced Miller to a term of imprisonment of 188 months for each of the four counts of conviction (all sentences to run concurrently with each other), imposed a four year term of supervised release, denial of federal benefits for five years, and a $100.00 special assessment per count of conviction. ECF No. 53. The Court did not impose a fine. The Judgment was entered on December 6, 2011. ECF No. 61. On December 14, 2011, Miller, through counsel, filed a notice of appeal. ECF No. 68. Miller was represented by different appellant counsel. ECF No. 70.

On October 31, 2012, the United States Court of Appeals for the Eighth Circuit affirmed the conviction but remanded Miller's case to the trial court for re-sentencing. *See United States v. Miller*, 698 F.3d 699, 710 (8th Cir. 2012), *cert. denied*, 133 S.Ct. 1296 (2013). On remand, the Parties stipulated Miller was accountable only for the drug quantities from three controlled purchases, which resulted in a base offense level of 30 under the USSG. ECF No. 110, Pg. 4. The Parties also stipulated to a two-level enhancement for maintaining a drug premises and that her total offense level should be 32. ECF No. 110, Pg. 4. With a criminal history category of I, this yielded a guideline sentence range of 121-151 months. Finally the Parties stipulated a 120 month sentence was "fair." ECF No. 110, p. 5. On re-sentencing Judge Barnes departed downward slightly from the USSG recommended sentence and imposed the stipulated sentence of 120 months imprisonment on

each count to be served conconrrently.  ECF No. 95.

Miller appealed her Amended Sentence pursuant to *Anders v. California*, 386 U.S. 738 (1967).  On September 25, 2013, the Eighth Circuit, after reviewing the record, found the sentence was not unreasonable and presented no non-frivolous issues for review. *See United States v. Miller*, 530 F. App'x 613 (8th Cir. 2013).  Miller did not seek further direct review.

## II.  Instant Petition:

Miller filed a timely Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 on January 8, 2014.  ECF No. 125.  In her Motion, Miller asserts the following five claims for relief:

> a. Trial counsel was ineffective for requesting a lessor included offense instruction at trial regarding Count One;
>
> b. The lesser included offense instruction was a constructive amendment to the indictment which prejudiced Miller at trial;
>
> c. The Trial Court violated the holding of *Alleyne v. United States* by giving a lessor included offense instruction thereby changing the statutory sentence range without due process;
>
> d. The Trial Court lacked jurisdiction to impose a two-level enhancement, based on Miller's maintaining a drug premises;
>
> e. The Trial Court violated 18 U.S.C. § 3553 when it imposed a sentence greater than necessary, primarily by imposing a two-level enhancement for maintaining a drug premises.

As noted above, the Government has filed its Response to the Motion and requests denial of all claims.  ECF No. 130.

## III.  Discussion:

A § 2255 motion is fundamentally different from a direct appeal.  The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571,

572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255 ."). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Section 2255 allows for relief from a sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court lacked jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). A motion pursuant to § 2255 may not be used as "a substitute for appeal or for the purpose of litigating matters not raised on appeal." *Craig v. United States*, 376 F.2d 1009, 1011 (8th Cir. 1967).

**a. Ineffective Assistance of Counsel**: Miller claims her trial counsel was ineffective in requesting a lesser included offense instruction and by not objecting to the Trial Court's lesser included offense instruction for Count One of the Indictment. Miller also claims the lesser included offense instruction constructively amended the Indictment by changing the drug quantity charged, this claim is discussed in separate section of this Report and Recommendation.

In order to prevail on an ineffective assistance of counsel claim, a movant must show (1) her "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence"; and (2) "the deficient performance prejudiced [her] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009)(quoting *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)). When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d

at 680 (quoting *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (citing *Strickland v. Washington*, 466 U.S. 668, 689,(1984)). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(citing *United States v Cronic*, 466 U.S. 648, 658 (1984)).

In testing the first element of an ineffective assistance of counsel claim, counsel's alleged deficient performance, when a defendant complains that counsel failed to challenge the state's case, "The failure to oppose the prosecution's case must involve the entire proceeding, not just isolated portions." *White*, 341 F.3d at 678. Except in instances where a defendant can show a failure of such magnitude there is typically no basis for finding a denial of effective counsel unless he can show specific errors that "undermined the reliability of the finding of guilt. . ." *Id*. If the Court finds deficient counsel and thus considers the element of prejudice, a defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The Court should not consider the cumulative effect of alleged errors by counsel. *See Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006). Further, "strategic choices made [by counsel] made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066.

Here, Miller claims her trial counsel was ineffective because he requested a lesser included offense instruction which resulted in a constructive amendment of the indictment. The transcript of the trial in this case does show specifically who requested the lesser included offense instruction. There is no question however the Trial Court gave such an instruction regarding Miller's possible culpability in Count One of the Indictment. While it is not clear who requested the instruction, for purposes of this claim, I will assume trial counsel requested the instruction on a lesser included

offense. The Court's instruction to the Jury regarding the original charge in Count One and the lesser included offense instruction were as follows:

> Under Count 1, the Indictment charges that the defendants, as least as early as 2004 and continuing until or on or about December 2010, Daniel Miller and Rebecca Miller committed the offense of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.
> . . .
> Count 1 of the Indictment charges that the Defendants, Daniel Miller and Rebecca Miller, committed the crime of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. The crime of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, as charged in Count 1 of the Indictment has four essential elements which are:
> . . .
> Four: The agreement or understanding involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.
>
> If you find these four elements unanimously and beyond a reasonable doubt, then you must find the defendant guilty of the crime of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Record your determination on the verdict form which will be submitted to you with these instructions.
>
> If you do not find the defendant guilty of this crime under Count 1, go on to consider whether the defendant conspired to distribute 500 [sic] grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.
> . . .
> If you find unanimously and beyond a reasonable doubt:
>
> The first three elements set forth above; and
>
> Fourth, you find that the agreement or understanding involved 50 grams or more of a mixture or substance containing methamphetamine, a Schedule II controlled substance, then you must find the defendant guilty of the crime of conspiracy to distribute 50 grams or more of a mixture or substance containing methamphetamine, a Schedule II controlled substance. Record your determination on the verdict.

ECF No. 78, Pgs. 340-41 and 343-44. Miller's trial counsel made no objection to the Instructions given by the Trial Court. ECF No. 78, Pg. 335 (trial counsel stated: "On behalf of Rebecca Miller,

we have no objections to the charge."). The Government likewise had no objection to inclusion of the lesser included offense instruction. ECF No. 78, Pg. 334.

A court may properly give a lesser included offense instruction if:

> all of these elements are present: (1) a proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) there is some evidence which would justify conviction of the lesser offense; (4) the proof on the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense; and (5) there is mutuality, i.e., a charge may be demanded by either the prosecution or the defense.

*United States v. Jangula*, 735 F.3d 1054, 1056 (8th Cir. 2013). All of these elements were present in Miller's case.

There do not appear to be any cases directly discussing the issue presented by Miller here, namely, whether trial counsel may be found ineffective for requesting a lesser included offense instruction, because of an alleged constructive amendment in the indictment such instruction would cause. There are many cases discussing a defendant's right to such an instruction in certain circumstances, however. In discussing the theory of a lesser included offense instruction, the United States Supreme Court stated the following:

> Moreover, <u>it is no answer to petitioner's demand for a jury instruction on a lesser offense to argue that a defendant may be better off without such an instruction</u>. True, if the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. <u>But a defendant is entitled to a lesser offense instruction-in this context or any other-precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to resolve its doubts in favor of conviction.</u>

*Beck v. Alabama*, 447 U.S. 625, 634 (1980) (capital murder trial where defendant requested and was refused a lesser included offense instruction) (emphasis added). The above passage from *Beck*

essentially says a defendant should not be put to the risk of conviction on a more severe charge if a lesser included crime is available for the jury to consider.

I have reviewed the trial record in this case. There was clearly evidence the jury could use to find Miller had joined a conspiracy. In fact, the only element in the proof produced at trial which was arguably different than the elements of the crime charged was the amount of methamphetamine involved in the conspiracy. There was some dispute, which continued through sentencing, on direct appeal, and then at re-sentencing as to the amount of methamphetamine she had conspired to distribute.

Counsel's request of a lesser included offense subjected Miller, to a less severe statutory range of punishment, it did not prejudice her. Count One's range of punishment was not less than ten years nor more than life imprisonment. The lesser included offense range of punishment was not less than five years nor more than forty years imprisonment. To have failed to request a lesser included offense instruction or to have objected to such instruction, in light of the facts before the jury, may well have amounted to ineffective assistance of counsel. As the Court in *Beck* noted, the jury may very well have resolved any doubt in favor of conviction on the greater charge. The decision of trial counsel to seek a lesser included offense instruction and not object to that instruction, was sound trial strategy and should not be second guessed now. This claim should be denied.

**b. Constructive Amendment of Indictment**: Within her claim of ineffective assistance of counsel, Miller also claims the Court's lesser included offense instruction to the jury "constructively amending the indictment, that in which denied her Fifth and Sixth Amendments rights (1) to be tried only on the charges presented to and accepted by a grand jury; and (2) a right to fair trial." ECF No.

125 Pg. 17. She claims this "constructive amendment" created a fatal variance between the Indictment allegations and the evidence presented at trial as to the amount of methamphetamine involved in the conspiracy. She argues she was convicted of a crime not charged in the Indictment and this created a "fatal variance" between the Indictment and the proof at trial. On review there was no constructive amendment and this claim should be denied.

An indictment can be constructively amended when "the essential elements of the offense set forth in the indictment are altered, either actually or in effect, by the prosecutor or the court after the grand jury has passed upon them." *United States v. Gavin*, 583 F.3d 542, 546 (8th Cir. 2009)(citations omitted). "A constructive amendment primarily affects the defendant's Fifth Amendment right to indictment by a grand jury...." *United States v. Renner*, 648 F.3d 680, 685 (8th Cir.2011) (quoting *United States v. Adams*, 604 F.3d 596, 599 (8th Cir.2010)). " A constructive amendment of an indictment occurs when jury instructions broaden the scope of an indictment by permitting a conviction for an uncharged offense." *United States v. Spencer*, 592 F.3d 866, 873 (8th Cir. 2010).

"In reviewing an appeal based on a claim of constructive amendment, we consider whether . . . the jury instructions created a 'substantial likelihood' that the defendant was convicted of an uncharged offense." *United States v. Whirlwind Soldier*, 499 F.3d 862, 870 (8th Cir.2007).(quoting *United States v. Novak*, 217 F.3d 566, 575 (8th Cir.2000)). To determine whether an amendment or variance is "fatal" the court must determine if the Indictment "fully and fairly" apprises the defendant of the charges against her. *See Whirlwind Soldier*, 499 F.3d at 871. "In reviewing an appeal based on a claim of constructive amendment, we consider whether ... the jury instructions created a 'substantial likelihood' that the defendant was convicted of an uncharged offense." *United States*

*v. Novak*, 217 F.3d 566, 575 (8th Cir.2000).

Here the jury instruction for a lesser included offense in Count One did not result in a constructive amendment or variance which was prejudicial to Miller. The Trial Court properly gave the instruction on a lesser included offense. *See United States v. Jangula*, 735 F.3d at 1056. The elements of the lesser offense were identical to part of the elements of the greater offense. There was some evidence Miller was responsible for less than 500 grams of methamphetamine, which would justify conviction of the lesser offense. The proof on the amount of methamphetamine at issue was sufficiently in dispute so that the jury could have, and in fact in this case did, find Miller innocent of the greater and guilty of the lesser included offense. There was no likelihood of Miller being convicted of an uncharged offense because of the lesser included offense instruction given in this case. This claim should be denied.

**c. *Alleyne v. United States***: Miller next alleges the Trial Court's lesser included offense instruction amounted to a violation of *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013). As set out below, this claim should be denied.

*Alleyne* was a direct appeal of a criminal conviction. In *Alleyne*, the defendant was convicted of robbery affecting commerce and use of firearm during and in relation to crime of violence. Following a conviction by a jury, the defendant was sentenced to 130 months imprisonment. The jury indicated on the verdict form the defendant had "[u]sed or carried a firearm during and in relation to a crime of violence" but did not indicate a finding the firearm was "[b]randished." *Alleyne*, 133 S. Ct. at 2156. The pre-sentence report recommended a seven year sentence reflecting the mandatory minimum sentence for cases in which a firearm has been "brandished," rather than a five year mandatory minimum sentence for "using or carrying" a firearm. *See id.* at 2156. The

-11-

district court overruled the defendant's objection to this and explained that "brandishing" was a sentencing factor it could find by a preponderance of the evidence. Defendant was then sentenced to seven years on that count. *See id.*

The sentence as affirmed by the Fourth Circuit. *United States v. Alleyne*, 457 Fed. Appx. 348 (4th Cir. 2011). On appeal from the Fourth Circuit, the Supreme Court stated "The touchstone for determining whether a fact must be found by a jury beyond a reasonable doubt is whether the fact constitutes an 'element' or 'ingredient' of the charged offense." *Alleyne*, 133 S. Ct. at 2158. The Court further stated *"*[f]acts that increase the *mandatory minimum sentence* are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." *Id.*(emphasis added). *Alleyne* specifically overruled *Harris v. United States*, 536 U.S. 545 (2002), holding:

> Because the finding of brandishing <u>increased the penalty</u> to which the defendant was subjected, it was an element, which had to be found by the jury beyond a reasonable doubt. The judge, rather than the jury, found brandishing, thus violating petitioner's Sixth Amendment rights.

*Alleyne,*133 S. Ct. at 2163-64 (emphasis added). *Alleyne* essentially applies the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Now the law is clear, based on *Alleyne* and *Apprendi*, any fact that increases the statutory range of punishment must be proven to a jury beyond a reasonable doubt.

Further, the decision in *Alleyne* is a new rule of constitutional law, overruling a prior decision of the Supreme Court. Generally, new constitutional rules *are not* applied retroactively to cases on collateral review, such as this one. *See Teague v. Lane*, 489 U.S. 288, 303 (1989). There are two exceptions to the *Teague* retroactivity rule. First, a new rule which places certain kinds of individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense

will be applied retroactively on collateral review. *See Caspari v. Bohlen*, 510 U.S. 383, 396 (1994) Second, a new rule which announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding will be applied retroactively. *See id.*

*Alleyne* does not fall within either of foregoing exceptions. Therefore, it cannot be applied retroactively unless it is specifically made retroactive to collateral proceedings, such as § 2255 proceedings, by the Supreme Court. *See Dodd v. United States*, 545 U.S. 353, 359 (2005). The Supreme Court has not applied *Alleyne* retroactively. The United States Court of Appeals for the Eighth Circuit has discussed *Alleyne* on several occasions, but has not found it should be retroactively applicable. *See e.g. United States v. Lara-Ruiz*, 721 F.3d 554, 557 (8th Cir. 2013)( fact increasing either end of the [sentencing] range produces a new penalty and constitutes an ingredient of the offense.); *United States v. Abrahamson*, 731 F.3d 751 (8th Cir. 2013)(increased statutory minimum as result of prior drug conviction not required to be submitted to the jury). The Eighth Circuit has discussed the retroactive effect of *Apprendi* and determined the rule announced there would not be retroactively applied by the Supreme Court. *See United States v. Moss*, 252 F.3d 993, 999-1000 (8th Cir. 2001).

At least one Court of Appeals has discussed the issue of retroactive application of *Alleyne*, and determined the Supreme Court is not likely to apply this new rule retroactively. The Seventh Circuit has held recently:

> *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. This implies that the Court will not declare Alleyne to be retroactive. But the decision is the Supreme Court's, not ours, to make. Unless the Justices themselves decide that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack based on § 2255(h)(2) . . . .

*Simpson v. United States*, 721 F.3d 875, 876 (7th Cir.2013)(citations omitted).

Here there is no *Alleyne* violation for several reasons. First, the jury, not the Trial Court, made the finding of which drug amount was applicable for statutory sentencing purposes. Second, the decision made by the Trial Court worked to *decrease* rather than *increase* the statutory sentencing range faced by Miller. The instruction worked to her benefit not her detriment. Lastly, *Alleyne* should not be applied retroactively to the claims here on collateral review. Miller's claim based on *Alleyne* should be denied.

**d. Two-level Increase for Maintaining a Drug Premises**: Miller claims the trial court erred in assessing a two-level increase to her total offense level under the USSG for her maintenance of a drug premises. She claims she was not charged with violating 18 U.S.C. § 856, and thus this enhancement is not applicable under the sentencing guidelines. Both Miller and her co-defendant Daniel Miller, raised this issue on direct appeal. The Eighth Circuit has previously held as follows:

> Mrs. Miller argues that she did not maintain the home "for the purpose of" distributing controlled substances. . . . Focusing on the frequency-of-use factor and her minimal role in her husband's criminal enterprise, Mrs. Miller argues that her primary use of the premises was as a family home, where she resided with her husband and raised eleven children, their own and children of Mr. Miller's sisters. . . . Here, <u>there was direct evidence Mrs. Miller used the premises for the purpose of actively participating in at least three controlled buys on the property, and she admitted accepting payments that she knew were for methamphetamine purchases on other occasions.</u> In two of the controlled buys, Mrs. Miller's teenage son helped deliver the methamphetamine to purchaser Dorsey. These drug distribution activities were more than an "incidental or collateral" use of the premises by Mrs. Miller. . . . <u>Thus, the district court did not clearly err in finding that Mrs. Miller's use of the premises for the distribution of methamphetamine warranted a two-level increase under § 2D1.1(b)(12).</u>

*Miller*, 698 F.3d at 706-07(emphasis added). The Eighth Circuit has rejected this claim on direct appeal and it should be denied here.

**e. Section 3553 Factors**: Lastly Miller claims the Trial Court imposed a sentence greater than necessary, in violation of 18 U.S.C. 3553, primarily by imposing a two-level enhancement of

maintaining a drug premises.  The parties at her re-sentencing hearing stipulated to a reasonable sentence.

> MR. QUINN: ... Your Honor, the defendant and the government have agreed and stipulated to a base offense level of 30, based on the amount of drugs in the three controlled buys that she was charged in. Additionally, we've agree to stipulate the two level increase for maintaining a drug premises, which is a final offense level of 32, criminal history category I with a guideline range of 121-151 months. As the court stated, we've agreed and stipulated that a 120 month sentence is fair.
>
> THE COURT: I think that's fair.
>
> MR. QUINN: Thank you, Judge.
>
> MS. BUNN: That is our agreement, Your Honor.

ECF No. 110, Pg. 4-5.  Further, the Defendant herself, agreed to the stipulated sentence.  ECF No.110, Pg. 6.

Here Miller makes no specific allegations of which of the factors of §3553 were wrongly applied.  Her only complaint is the two-level increase in her total offense level under the USSG guidelines resulted in a sentence that was some how unfair and unnecessary.  This issue has been resolved in favor of the sentence imposed by the Eighth Circuit.  Following her re-sentencing, Miller again appealed to the Eighth Circuit.  On this second direct appeal the Court held:

> After careful review, we affirm the sentence, because the district court complied with our decision, and imposed a sentence that was stipulated to by both parties and <u>that is not unreasonable</u>. Further, we have reviewed the record independently under and we find no non-frivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm.

*United States v. Miller*, 530 F. App'x 613 (8th Cir. 2013) (emphasis added).  This claim should be denied.

Based on my review of the record in this case, I also conclude an evidentiary hearing is not

required in this matter.  The record conclusively shows Miller is not entitled to the relief she seeks.[3]

**IV. <u>Recommendation</u>**:

Accordingly, based on the foregoing, it is recommended the instant Motion be denied and dismissed.  Further, pursuant to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **28th day of April 2013.**

       /s/ Barry A. Bryant
      HON. BARRY A. BRYANT
      U.S. MAGISTRATE JUDGE

---

[3] *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).